IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK O'BRIEN,<br><br>Defendant. | Case No. 23-CR-311 (RDM)<br><br>**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**<br><br>[Sentencing Date: February 2, 2024] |

COMES NOW, Patrick O'Brien, by and through his Counsel of record Clark Mathews, Assistant Federal Defender and the Federal Defenders of Montana, and hereby submits his Memorandum in Aid of Sentencing.

## 1. **Introduction**

Patrick pled guilty on September 20, 2023, to Count 4 of the Information, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

Patrick submits a sentence of 2 years probation, with conditions of 60 days home detention, 60 hours of community service, and $500 in restitution will comport with 18 U.S.C. § 3553(a) in this case.

//
//
//

2. **Sentencing Factors in 18 U.S.C. § 3553(a)**

  A. **The Nature and Circumstances of the Offense and the Characteristics of the Defendant 18 U.S.C. § 3553(a)(1)**

  Patrick O'Brien, age 55, an Air Force veteran, a hard-working, small businessman, comes before the Court to be sentenced for his first criminal conviction in his life. The charge is a Class B misdemeanor that occurred more than 3 years ago. Patrick was arrested at his place of business on January 6, 2023, and released the same day to conditions of pre-trial release. Patrick has been compliant with those conditions now for more than 12 months.

  Patrick accepted responsibility in this case by entering into a plea agreement with the Government shortly after the first plea agreement was offered. Patrick was cooperative with the Probation Office not only during pre-trial release but also during the pre-sentence report process.

  Patrick also agreed, pursuant to the plea agreement, to allow law enforcement agents to review his social media accounts and to answer questions related to the events surrounding the charge. The Undersigned facilitated this by allowing the FBI to come to his office on January 18, 2024, and secured Government counsel's attendance through audio-video technology. Patrick answered the questions posed by both the FBI agent and Government's counsel. Patrick was polite and respectful.

2

The FBI did not ask to review his social media accounts. The FBI did not request consent to search Patrick's phone currently in their possession.

The Government argues to the Court that Patrick's participation in the post-plea proffer, that it insisted on in negotiations, is somehow an aggravating factor. The Government chides Patrick for its subjective belief regarding his lack of sincere remorse. The Government questions Patrick's thought process that day. At one point in the interview, the Government's counsel aggressively questioned Patrick about his behavior in the Capitol, and Patrick responded something to the effect of, "It's just what I found myself doing. And that's why I pled guilty." Patrick made a mistake, he committed a crime against his better judgment, and he has pled guilty to it.

Patrick graduated from high school and then joined the military. He served in the Air Force for 5 years, receiving an honorable discharge in 1991. Patrick has worked a variety of jobs over the years but has now found some success and enjoyment in running his own businesses. He rents a building in Great Falls, Montana where he operates a small hockey equipment and repair business and a restaurant. Patrick also has a food truck he takes to the farmer's market during the summer along with other assorted outdoor events.

Patrick has been married for nearly 20 years. His wife is a social worker at a hospital in Great Falls. They have 2 teenage sons. As previously mentioned, Patrick has no prior criminal convictions. He has led a law-abiding and productive life.

Patrick has strongly held political beliefs. He decided to attend the Stop the Steal Rally as a result of those beliefs. There is no indication Patrick was active politically on social media before or after January 6, 2021. He brought with him a Gadsen flag, consistent with one attending a political rally. Patrick did not bring anything to conceal his identity, he did not bring riot gear, weapons, or anything else suggesting he was spoiling for a fight. At no time is it alleged Patrick engaged in violent, aggressive, or confrontational behavior.

Following the Stop the Steal Rally, Patrick did follow the crowd and eventually entered the Capitol. Patrick admits upon entry and against better judgment, he waved his flag, walked around for several minutes, and posed for a picture before leaving on his own accord. For these reasons, he believed he was guilty of the charge and agreed to plea to such.

### B. Sentencing Mandate in 18 U.S.C. § 3553(a)(2)

Patrick is being sentenced for a Class B misdemeanor. Obviously, Patrick's criminal conduct took place under circumstances of which the Court is well familiar. The Court has sentenced several individuals convicted of the same charge on January

6, 2021. A review of those sentences suggests a sentence of probation with the condition of a period of home detention would not be disparate to those other cases.

The Government cited three cases to argue a sentence of 60 days imprisonment is appropriate. First, the Government cites *U.S. v. Nicholas Reimler*, 21-CR-239-RDM, and begins to briefly describe Reimler's conduct but the paragraph abruptly changes to a discussion of a different case. This would appear to be an editing mistake. Nonetheless, that case is instructive as the sentence was probation for 3 years with a condition of home detention for 30 days. The Government asserted at sentencing Mr. Reimler went inside the Capitol for approximately 15 minutes and posted videos to social media, while inside that suggested he viewed the breach of the Capitol as a laughing matter.

The Government next cites *U.S. v. Philip Kramer*, 21-CR-413-EGS. Mr. Kramer was sentenced to 30 days incarceration. The Government, in its zeal to support its sentence recommendation in this case, provides an incomplete view of the aggravating factors it previously argued in Mr. Kramer's case.

In the instant case, the Government argues, "(Kramer) brought a helmet to the Capitol to be prepared for violence…" In its sentencing memorandum in the *Kramer* case, it argued "(Kramer) expected to meet violence in Washington, D.C. and, consistent with that expectation, brought a helmet, a strap with a master lock attached to it, and a cane to the Capitol." The Government further argued, "he purchased a

5

Master Lock that he attached to a strap that he could swing at his opponent…his actions demonstrated a substantial amount of preparation for violence."

In the instant case, the Government argues, "Kramer left after two minutes inside the building while O'Brien remained for 28 minutes." In its sentencing memorandum in the *Kramer* case, it argued "(Kramer) remained inside the Capitol until he and other rioters were forced to leave when police officers began spraying the crowd with pepper-spray."

Lastly, the Government cites *United States v. Spencer*, 21-CR-147-CKK. Ms. Spencer was sentenced to 90 days incarceration. The Government in its sentencing memorandum in the instant case, cites facts it believes makes the present case similar to those in Ms. Spencer's case. But again, the Government leaves out information from Ms. Spencer's case it previously argued as aggravating. In its sentencing memorandum in Ms. Spencer's case, the Government led its argument with "(Spencer) joined in a group that got into a verbal and physical altercation with a man on the way to the riot only stopping after the MPD officers physically separated them" and closed its argument with "the instant case is not her first involvement in the criminal justice system."

In the cases the Government relies on where incarceration was imposed, there was obvious evidence the defendants were spoiling for a fight. Mr. Kramer brought a helmet, a strap with a master lock attached to it, and a cane. Ms. Spencer got into

6

a physical and verbal altercation on the way to the Capitol that had to be broken up by police. It is not difficult to see the difference between their behavior and the behavior of Patrick O'Brien and Mr. Reimler.

### 3. Conclusion

A sentence of 2 years probation with conditions of 60 days home detention, 60 hours community service, and $500 restitution will satisfy the § 3553 factors in this case.

RESPECTFULLY SUBMITTED this 25th day of January 2024.

/s/ Clark Mathews
CLARK MATHEWS
Assistant Federal Defender
(MT Bar No. 11564)
104 2nd St. S, Ste. 301
Great Falls, MT  59405
(406) 727-5328
clark_mathewss@fd.org

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on January 25, 2024, a copy of the foregoing document was served on the following persons by the following means:

 1,2    CM-ECF
 ____   Hand Delivery
  3     Mail
 ____   Overnight Delivery Service
 ____   Fax
  4     E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. ELIZABETH ERIKSEN,
   Assistant United States Attorney
   United States Attorney's Office
       Counsel for the United States of America

3. PATRICK O'BRIEN
       Defendant

4. MAIRI CERVANTES
   United State Probation Office
       United States Probation Officer

/s/ Clark Mathews
CLARK MATHEWS
Assistant Federal Defender
(MT Bar No. 11564)
104 2nd St. S, Ste. 301
Great Falls, MT  59405
(406) 727-5328
clark_mathewss@fd.org